IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PARTICLE DRILLING TECHNOLOGIES, INC., A NEVADA CORPORATION *et al.* | § § § | CASE NO. 09-33744-H1-11 |
| | § | Jointly Administered |
| | § | |
| Debtors. | § | |

DEBTOR'S EMERGENCY APPLICATION TO
SHORTEN BAR DATE FOR FILING OF ALL PROOF OF CLAIMS,
INCLUDING GOVERNMENTAL AND EQUITY INTEREST HOLDER CLAIMS
AND APPROVING FORM, MANNER, AND SUFFICIENCY OF NOTICE
<u>OF THE BAR DATE PURSUANT TO BANKRUPTCY RULE 9007</u>
*************************************************************************
**A HEARING WILL BE CONDUCTED ON THIS MATTER ON THURSDAY, JUNE 11, 2009, AT 3:30 P.M., BEFORE THE HONORABLE MARVIN ISGUR, IN COURTROOM 404, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
*************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Particle Drilling Technologies, Inc., a Nevada Corporation and Particle Drilling Technologies, Inc., a Delaware Corporation (collectively "PDTI" or Debtors"), hereby move this Court for an order setting a shortened deadline for all claimants, including governmental and equity interest holder claimants, to file their proof of claims in this

case and approving form, manner, and sufficiency of notice of the bar date pursuant to Bankruptcy Rule 9007 in support thereof would respectfully show the Court as follows:

## I. SUMMARY AND EMERGENCY BASIS

1. By this Motion, the Debtors seek authority to establish a shortened bar date for filing all proof of claims in this bankruptcy case, including governmental and equity interest holder claims. The case has been set on a fast track for confirmation, with the Court establishing abbreviated deadlines pertaining to the disclosure statement and confirmation filings. The Debtor must file a plan and disclosure statement with the Court no later than June 15, 2009, with a hearing to conditionally approve Debtor's disclosure statement set for June 24, 2009 and confirmation on July 29, 2009.

2. The current bar date for filing proof of claims is September 28, 2009. An emergency exists because a confirmation hearing is scheduled for July 29, 2009 and Debtors anticipate a sale of the business and therefore need to ensure that all claims are properly treated in its plan prior to confirmation.

3. By this Motion, the Debtor requests that the Court set July 20, 2009 as the bar date for filing all proof of claims in this case, including claims equity interest holders and of governmental entities.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(M). Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) because the Debtor's principal place of business has been located in this district for more than 180 days preceding the filing of this bankruptcy case.

### III.  BACKGROUND

5.      Debtors Particle Drilling Technologies, Inc., a Nevada Corporation ("PDTI Nev" or "Debtor") and Particle Drilling Technologies, Inc., a Delaware Corporation ("PDTI Del" or "Debtor") filed voluntary petitions under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on May 30, 2009 and June 1, 2009, respectively.  PDTI Nev and PDTI Del are collectively referred to hereafter as "Debtors".  No trustee or examiner has been appointed in the Debtors' bankruptcy case and no official committee of unsecured creditors has been established yet.  The Debtors continues to operate their business and manage their property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.      PDTI Nev is a Nevada corporation based in Houston, Texas that is a development stage company operating in the oilfield service and technology industry. PDTI Nev was organized on June 14, 2002 and was formerly known as MedXLink Corp.  The name was changed to Particle Drilling Technologies, Inc. on January 25, 2005.  PDTI Nev is currently developing an advanced drilling technology to be offered to the energy industry.

7.      PDTI owns 100% of the stock of PDTI Del, which is a non-operating entity that currently has no assets or liabilities.

8.      PDTI Nev was formed to commercialize its patented and patent-pending Particle Impact Drilling ("PID") system which is a mobile system that readily adapts to conventional drilling rigs and is designed to provide a radical increase in penetration rates for drilling oil and gas wells, particularly through deep hard and abrasive zones or other difficult-to-drill formations.

9. The purpose of the PID system is to improve drilling efficiencies and significantly improve overall economics to the energy industry in regions around the world where slow drilling rates result in high costs to find and develop oil and gas reserves. The PID system utilizes a specially designed "fit for purpose" drill bit fitted with jetting nozzles and polycrystalline diamond compact cutting structures for penetrating hard-rock formations in the exploration of oil and gas. This technology will dramatically improve drilling efficiency in the energy industry; thereby making new energy reserves economically available through a significant reduction in finding and development costs.

10. PDTI Nev is a publicly traded company whose shares of common stock have been traded on NASDAQ. However, NASDAQ recently delisted PDTI Nev stock and trading is currently conducted in the over-the-counter market. As of March 31, 2009, the number of outstanding shares of PDTI Nev common stock was 35,740,349. There are approximately 230 shareholders.

11. Because PDTI Nev is currently a development stage company, it generates no revenue and its continued existence is dependent upon its successful development of the PID technology and its ability to successfully commercialize this technology. PDTI has yet to generate cash flow from operations, and until revenues commence, PDTI is highly dependent upon debt and equity funding.

12. Since its inception, PDTI Nev has financed its operations through private sales of equity, a subscription rights offering, the issuance of convertible notes, and the issuance of a PIK note, with net proceeds totaling $37,793,075 through March 31, 2009.

13. Additionally, as of March 31, 2009, PDTI Nev had assets of $2,884,606 and liabilities of $1,476,092. For the three and six months ended March 31, 2009, PDTI Nev reported net losses of approximately $1.6 million and $3.6 million, respectively, as compared to net losses of approximately $2.3 million and $5.6 million for the three and six months ended March 31, 2008, respectively. PDTI Nev has recently downsized its operations, decreasing its employee base from nineteen (19) to twelve (12) employees.

14. PDTI Del has no employees or assets or liabilities.

15. PDTI Nev has located a potential purchaser for the company that is also willing to provide DIP financing to the Debtors.

## IV.  RELIEF REQUESTED AND LEGAL AUTHORITY

16. The Debtors request that the Court set July 20, 2009 as the deadline for filing all proof of claims, including claims equity interest holders and of governmental entities, due to the fast track nature of this case.

17. The case has been set on a fast track for confirmation, with the Court establishing abbreviated deadlines pertaining to the disclosure statement and confirmation filings. The Debtor must file a plan and disclosure statement with the Court no later than June 15, 2009, with a hearing to conditionally approve Debtor's disclosure statement set for June 24, 2009 and confirmation on July 29, 2009.

18. The current bar date for filing proof of claims is September 28, 2009. A bar date for filing proof of claims must be established before the September 28, 2009 deadline because the Debtors anticipate a sale of the business as a basis of the plan and therefore need to ensure that all claims are properly treated prior to confirmation.

19. The Court has the inherent authority to control its docket and set deadlines. Rule 3003(c)(3) allows the Court to fix a bar date "for cause shown". The Court has authority to grant the requested relief under 11 U.S.C. §105 and 502.

20. Moreover, to provide adequate notice to creditors and equity interest holders, the Debtors propose to serve notice substantially in the form of Exhibit "A" (the "Bar Date Notice"), attached hereto and incorporated by reference herein, by first-class mail. The Debtors will serve the Bar Date Notice as soon as practicable after entry of an order approving this Motion, but in no event later than five business days following entry of the order. The Debtors will serve the Bar Date Notice on the Master Service List, their pre-petition vendors and equity interest holders.

21. For the reasons stated herein, "cause" exists to establish July 20, 2009 as the bar date for filing all proofs of claims, including governmental and equity interest holder claims and to approve the Bar Date Notice.

## V.  THE DEBTORS RESERVATION OF RIGHTS

22. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court establish July 20, 2009 as the bar date for filing all proof of claims in this case, including claims equity interest holders and of governmental entities, approve the Bar Date Notice, and grant all such other and further relief as is just and proper.

Dated:  June 5, 2009

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:  */s/ Melissa A. Haselden*
     EDWARD L. ROTHBERG
     State Bar No. 17313990
     MELISSA A. HASELDEN
     State Bar No. 00794778
     1400 Summit Tower
     Eleven Greenway Plaza
     Houston, Texas 77046
     Telephone: (713) 961-9045
     Facsimile: (713) 961-5341

     PROPOSED ATTORNEYS FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing motion were forwarded via facsimile, e-mail, and/or U.S. first class mail, postage prepaid, on June 5, 2009, to the parties listed on the attached Service List.

     */s/ Melissa A. Haselden*
     MELISSA A. HASELDEN

**Particle Drilling Technologies, Inc.**
**Master Service List**

| | | |
|---|---|---|
| Particle Drilling Technologies, Inc.<br>Attn: Mr. Jim B. Terry<br>5611 Baird Court<br>Houston, TX 77041 | David N. Eliff CPA, CFF<br>Accumyn<br>4635 Southwest Freeway, Suite 425<br>Houston, Texas 77027 | Nancy Holley<br>Office of the U.S. Trustee<br>515 Rusk, Room 3516<br>Houston, TX 77002 |
| Securities & Exchange Commission<br>Attn: Angela Dodd<br>175 W. Jackson Blvd.<br>Suite 900<br>Chicago, IL 60604-2908 | Harris County, et al.<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>P O Box 3064<br>Houston, TX 77253-3503 | Paul Bettancourt<br>Harris County et al Tax Assessor<br>P. O. Box 4622<br>Houston, TX 77210-4089 |
| Internal Revenue Service<br>Insolvency Section<br>1919 Smith MAIL STOP HOU 5022<br>Houston, TX 77002 | Internal Revenue Service<br>PO Box 21116<br>Philadelphia, PA 19114 | Anita Henry<br>Cypress Fairbanks ISD<br>Tax Assessor/Collector<br>10494 Jones Road, Suite 106<br>Houston, TX 77065 |
| Leo Vasquez Tax Assessor-Collector<br>P O Box 4622<br>Houston, TX 77210-4622 | | |
| **SECURED CREDITORS:** | LC Capital Master Fund, Ltd.<br>Attn: Steve Lampe<br>680 - 5th Ave., 12th Floor<br>New York, NY 10019 | Don A. Sanders<br>Edward F. Heil<br>5800 JP Morgan Chase Tower<br>600 Travis, Suite 5800<br>Houston, TX 77002 |
| **20 LARGEST UNSECURED CREDITORS:** | Admiral Transfer and Rigging<br>13330 Hempstead Highway<br>Houston, TX 77040 | Ahern Rentals<br>21300-A Northwest Freeway<br>Cypress, TX 77429 |
| Alloy Products Corporation<br>155 Southbelt Industrial Drive<br>Houston, TX 77047 | Applied Industrial Tech<br>22510 Network Place<br>Chicago, IL 60673-1225 | Bracewell & Giuliani, LLP<br>Attn: Jeff Whittle<br>711 Louisiana, Suite 2300<br>Houston, TX 77002-2770 |
| Cagan McAfee Capital Partners<br>10600 N. De Anza Blvd.<br>Suite 250<br>Cupertino, CA 95014 | Clay Real Estate Holdings #5<br>c/o CDC, Inc.<br>800 Gessner, Suite 850<br>Houston, TX 77024 | Dennard Rupp Gray & Easterly<br>Attn Stephen B Gray<br>1800 West Loop South, Suite 200<br>Houston, TX 77027 |
| Integrity Integration Resource<br>P O Box 973613<br>Dallas, TX 75397-3613 | Intermountain Prec Casting<br>1156 West 400 North<br>Lindon, UT 84042 | LeTourneau Technologies<br>6500 Brittmoore<br>Houston, TX 77041 |

| | | |
|---|---|---|
| Stellar Technology<br>Attn Jay Murray<br>237 Commerce Drive<br>Amherst, NY 14228 | The NASDAQ Stock Market LLC Listing<br>The NASDAQ Stock Market<br>One Liberty Plaza<br>165 Broadway<br>New York, NY 10006 | UHY Mann Frankfort Stein & Lipp<br>12 Greenway Plaza, 8th Floor<br>Houston, TX 77046-1291 |
| Vinson & Elkins<br>2300 First City Tower<br>1001 Fannin Street<br>Houston, TX 77095 | Wells Fargo Remittance Center<br>c/o Wells Fargo<br>420 Montgomery St.<br>San Francisco, CA 94163 | Woodburn & Wedge<br>Sierra Plaza<br>6100 Neil Road, Suite 500<br>Reno, NV 89511-1149 |
| Worldwide Oilfield Machine, Inc.<br>11809 Canemont<br>Houston, TX 77035 | | |