IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PARTICLE DRILLING | § | Case No. 09-33744-H1-11 |
| TECHNOLOGIES, INC., | § | |
| A NEVADA CORPORATION *et al.* | § | |
| | § | Jointly Administered |
| Debtors. | § | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING**
**FORM OF PUBLICATION NOTICE**

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪
A HEARING WILL BE CONDUCTED ON THIS MATTER ON WEDNESDAY, JUNE 24, 2009, AT 4:00 P.M., BEFORE THE HONORABLE MARVIN ISGUR, IN COURTROOM 404, 4TH FLOOR, 515 RUSK, HOUSTON, TEXAS.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 15 DAYS OF THE DATE THIS WAS SERVED ON YOU.*** YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
*** Because emergency consideration is sought, your response must be on file by the hearing.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
**************************************************************************
TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

The above-captioned debtors, Particle Drilling Technologies, Inc., A Nevada Corporation ("PDTI Nev") and Particle Drilling Technologies, Inc., a Delaware Corporation ("PDTI DE") (collectively "Debtors"), file this Emergency Motion for Order Authorizing Form of Publication Notice (the "Motion") and in support thereof respectfully shows the Court as follows:

**Summary of Emergency and Proposed Form of Notice**

1. The Court has fast-tracked these jointly administered cases for an auction to be held in July 2009 and confirmation hearing on July 29, 2009 at 1:30 p.m. that preserves value for the Debtors' estates ("Auction"). PDTI is a publicly traded entity. The Proof of Claims Bar Date ("Bar Date") for these cases has been established as July 20, 2009. PDTI Nev has 230 shareholders. Currently, there are 62 shareholders that Debtor PDTI Nev cannot locate. These shareholders held shares through the Debtor's original transfer agent, Standard Registrar. PDTI Nev changed transfer agents in 2005 and the new transfer agent is Computershare. Somehow (and the cause remains unknown), the addresses of the 62 shareholders listed on Exhibit "A" did not migrate over. Repeated requests to the prior agent have not provided Debtor PDTI Nev with addresses for these 62 shareholders. As time is running out, Debtors must publish notice as the only alternative means of reaching these shareholders and informing them of the Bar Date, Auction, and confirmation hearing and giving them time to respond.

2. The Form of notice that the Debtors propose to publish is as follows:

> PLEASE TAKE NOTICE THAT on June 11, 2009 the United States Bankruptcy Court for the Southern District of Texas ("Court") entered an order ("Bar Date Order") establishing July 20, 2009 (the "Bar Date") as the last date and time for filing proofs of claim and interests against the Debtors, Particle Drilling Technologies, Inc., a Nevada Corporation, Case No. 09-33744 (filed May 30, 2009 "Petition Date") and Debtor Particle Drilling Technologies, Inc., a Delaware Corporation, Case No. 09-33830 (Filed June 1, 2009 "Petition Date") (collectively "Debtors"). The Bar Date Order requires that any claims against or equity interests in the Debtors be filed by submitting a proof of claim or interest with the Clerk of Court to "U.S. Bankruptcy Court Clerk, 515 Rusk, Houston Texas 77002", so that such proof of claim or interest is actually received by the Bar Date (received, not postmarked by July 20, 2009). The Clerk of Court will not accept a proof of claim or interest sent by facsimile or e-mail. You may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.uscourts.gov/bankform. or by contacting the Debtor's counsel Edward L. Rothberg at 11 Greenway Plaza, Suite 1400, Houston, Texas, 77046 (713) 961-9045.
>
> Any person or entity that is required to file a proof of claim or interest in these cases but fails to do so in a timely manner shall be forever barred, estopped and

enjoined from (a) asserting any claim against the Debtors that such creditor has that (1) is in an amount that exceeds the amount, if any, that is set forth in the Debtors' schedules of liabilities or (2) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distribution under, any plan of reorganization or liquidation in these cases in respect to an Unscheduled Claim. You are urged to review the Bar Date Order as your rights may be affected by it.

The Debtors are proposing a Sale of substantially all of their assets at an Auction. The auction will take place following bid procedures approved by the Court sometime in July 2009. The Debtors have filed a proposed Plan of Liquidation to distribute the proceeds of the Auction and dissolve the Debtors. The confirmation hearing is scheduled for July 29, 2009 at 1:30 p.m. at the United States Court House, Courtroom No. 404, 515 Rusk Street, Houston, Texas, 77002. For more information, contact the Debtors' counsel (listed above).

**Background**

3. Debtors Particle Drilling Technologies, Inc., a Nevada Corporation ("PDTI" or "Debtor") and Particle Drilling Technologies, Inc., a Delaware Corporation ("PDTI Delaware" or "Debtor") filed voluntary petitions under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on May 30, 2009 and June 1, 2009, respectively (collectively the "Petition Date"). PDTI and PDTI Delaware are collectively referred to hereafter as "Debtors".

4. PDTI owns 100% of the stock of Particle Drilling Technologies, Inc., a Delaware Corporation. PDTI Delaware is a non-operating entity that currently has no assets or liabilities.

5. PDTI was formed to commercialize its patented and patent-pending Particle Impact Drilling ("PID") system which is a mobile system that readily adapts to conventional drilling rigs and is designed to provide a radical increase in penetration rates for drilling oil and gas wells, particularly through deep hard and abrasive zones or other difficult-to-drill formations.

6. PDTI is a publicly traded company whose shares of common stock have been traded on NASDAQ. However, NASDAQ recently delisted PDTI stock and trading is currently conducted in the over-the-counter market. As of March 31, 2009, the number of outstanding shares of PDTI common stock was 35,740,349. Since its inception, PDTI has financed its operations through

private sales of equity, a subscription rights offering, the issuance of convertible notes payable, and the issuance of a PIK note payable, with net proceeds totaling $37,793,075 through March 31, 2009.

7. There are only approximately 230 shareholders of record as of the petition date. The shares have continued to trade after the Debtor's filing of an 8-k announcing the bankruptcy.

8. The Debtor has given actual notice to all shareholders for which it has addresses. For the reasons stated in paragraph 2, other than by filing an 8-k and publication, the Debtor has no means of reaching these shareholders.

9. The Securities and Exchange Commission has been sent the proposed publication notice and has been apprised of the situation and agrees that publication notice of the bankruptcy, bar date Auction and plan confirmation, coupled with an 8-k informing shareholders of the same is the best available notice.

### Publication is a Reasonable Method to Provide Due Process

10. The Bankruptcy Code requires that the Debtor give notice that is "appropriate in the particular circumstances," 11 U.S.C. § 102(1)(A). The bankruptcy rules further elaborate that "the court may order notice by publication if it finds that notice by mail is impracticable." Bankr. R. 2002(l).

11. The case law assumes that the general norms of fair notice and publication notice established by *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 489-91 (1988); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 797-800, (1983), and other such cases, apply to bankruptcy claims and rights. *In re Savage Industries,* 43 F.3d 714, 721 (1st Cir. 1994); *In re Auto-Train Corp.*, 810 F.2d 270, 278 (D.C. Cir. 1987).

12. Notice by publication is entirely appropriate when potential claimants are numerous, unknown, or have small claims (whether nominally or, as here with a liquidating Debtor,

realistically)--circumstances that singly or in combination may make the cost of ascertaining the claimants' names and addresses and mailing each one a notice of the bar date and processing the responses consume a disproportionate share of the assets of the debtor's estate. E.g., *Mullane*., supra, 339 U.S. at 317-18; *City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 293, 296-97 (1953); *In re Chicago, Milwaukee, St. Paul & Pacific R.R.*, 974 F.2d 775, 788 (7th Cir. 1992) (mass tort); *In re GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir. 1982) (cost to give notice in relation to size of claim).

13. To this list of established factors and reasons, the Debtors would add an additional reason for notice by publication -- when time and money do not allow the Debtor to conduct an intensive, expensive forensic investigation of the prior transfer agent's files.

**Conclusion**

14. The Debtors hold out little hope that the proposed Auction will pay money to shareholders. From the Auction proceeds, the Debtors must satisfy the $1,575,000 DIP facility that has been approved by the Court, with some payment toward unsecured claims. No funds are expected to be available for equityholders. The Debtors need to consummate this sale quickly in order to preserve value. The cost of attempting to locate the missing 62 shareholders is unrealistic in light of the anticipated return to equityholders and the time constraints of the sale.

15. The Debtors propose to publish the notice in either the New York Times (National Edition) or Wall Street Journal in the upcoming week. These are among the most widely circulated publications in the nation and generally read by investors who might have shares.

16. The Debtors ask that the Court approve the notice language referenced above, the costs of publication, and the newspaper(s) in which the notice would appear. At this time, the Debtors have not confirmed a price for publication, but it is expected to be approximately $700 per column inch. Assuming 20 words a column inch, the cost to publish the 331-word notice is

$11,585, exclusive of set-up fees and costs of a publication affidavit.  Of course, the Debtors would prefer to publish in less costly journals and the Debtors hope to negotiate a reduced rate.

WHEREFORE, the Debtors respectfully pray that the Court approve: (i) this Motion in its entirety, (ii) the form of notice in paragraph 2 herein, (iii) the journal or newspaper in which the notice is published, (iv) the costs of publication as an administrative expense and authorized use of DIP funds, and (v) grant all the relief requested herein and grant the Debtor such further relief as it deems just and proper.

Dated: June 19, 2009

>Respectfully submitted,
>
>WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
>
>By:  */s/Hugh M. Ray, III*
>EDWARD L/ ROTHBERG
>State Bar No. 17313990
>HUGH M. RAY, III
>State Bar No. 24004246
>Eleven Greenway Plaza, Suite 1400
>Houston, Texas 77046
>Telephone: (713) 961-9045
>Facsimile: (713) 961-5341
>
>COUNSEL FOR DEBTORS

### CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2009 true and correct copies of the foregoing motion were served on all parties receiving notice via the ECF service list, or by U.S. first class mail, postage prepaid, on the attached Master Service List.

>*/s/Hugh M. Ray, III*
>
>HUGH M. RAY, III

{PAR036\00004\0535893.DOC;1\HMR}                    6

**Particle Drilling Technologies, Inc.**
**Master Service List**

Particle Drilling Technologies, Inc.
Attn: Mr. Jim B. Terry
5611 Baird Court
Houston, TX 77041

David N. Eliff CPA, CFF
Accumyn
4635 Southwest Freeway, Suite 425
Houston, Texas 77027

Nancy Holley
Office of the U.S. Trustee
515 Rusk, Room 3516
Houston, TX 77002

Securities & Exchange Commission
Attn: Angela Dodd
175 W. Jackson Blvd.
Suite 900
Chicago, IL 60604-2908

Harris County, et al.
c/o John P. Dillman
Linebarger Goggan Blair & Sampson
P O Box 3064
Houston, TX 77253-3503

Paul Bettancourt
Harris County et al Tax Assessor
P. O. Box 4622
Houston, TX 77210-4089

Internal Revenue Service
Insolvency Section
1919 Smith MAIL STOP HOU 5022
Houston, TX 77002

Internal Revenue Service
PO Box 21116
Philadelphia, PA 19114

Anita Henry
Cypress Fairbanks ISD
Tax Assessor/Collector
10494 Jones Road, Suite 106
Houston, TX 77065

Leo Vasquez Tax Assessor-Collector
P O Box 4622
Houston, TX 77210-4622

Delaware Secretary of State
365 West Passaic Street, 5th Floor
Rochelle Park, NJ 07662

**SECURED CREDITORS:**

LC Capital Master Fund, Ltd.
Attn: Steve Lampe
680 - 5th Ave., 12th Floor
New York, NY 10019

Don A. Sanders
Edward F. Heil
5800 JP Morgan Chase Tower
600 Travis, Suite 5800
Houston, TX 77002

**20 LARGEST UNSECURED CREDITORS:**

Admiral Transfer and Rigging
13330 Hempstead Highway
Houston, TX 77040

Ahern Rentals
21300-A Northwest Freeway
Cypress, TX 77429

Alloy Products Corporation
155 Southbelt Industrial Drive
Houston, TX 77047

Applied Industrial Tech
22510 Network Place
Chicago, IL 60673-1225

Bracewell & Giuliani, LLP
Attn: Jeff Whittle
711 Louisiana, Suite 2300
Houston, TX 77002-2770

Cagan McAfee Capital Partners
10600 N. De Anza Blvd.
Suite 250
Cupertino, CA 95014

Clay Real Estate Holdings #5
c/o CDC, Inc.
800 Gessner, Suite 850
Houston, TX 77024

Dennard Rupp Gray & Easterly
Attn Stephen B Gray
1800 West Loop South, Suite 200
Houston, TX 77027

Integrity Integration Resource
P O Box 973613
Dallas, TX 75397-3613

Intermountain Prec Casting
1156 West 400 North
Lindon, UT 84042

LeTourneau Technologies
Attn: Elizabeth Schiffer
6401 W. Sam Houston Parkway North
Houston, TX 77041

Stellar Technology
Attn Jay Murray
237 Commerce Drive
Amherst, NY 14228

The NASDAQ Stock Market LLC Listing
The NASDAQ Stock Market
One Liberty Plaza
165 Broadway
New York, NY 10006

UHY Mann Frankfort Stein & Lipp
12 Greenway Plaza, 8th Floor
Houston, TX 77046-1291

Vinson & Elkins
2300 First City Tower
1001 Fannin Street
Houston, TX 77095

Wells Fargo Remittance Center
c/o Wells Fargo
420 Montgomery St.
San Francisco, CA 94163

Woodburn & Wedge
Sierra Plaza
6100 Neil Road, Suite 500
Reno, NV 89511-1149

Worldwide Oilfield Machine, Inc.
11809 Canemont
Houston, TX 77035

Ronald J. Sommers
Gretchen McCord
Nathan Sommers Jacobs
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056-5705

CompuCom
Attn:  Minnie Morrison
7171 Forest Lane
Dallas, TX 75230

Ronald R. Peterson
Jenner & Block, LLP
330 N. Wabash Ave.
Chicago, IL 60611-7603

Matthew S. Okin
M. Renee Moxley
Okin Adams & Kilmer LLP
1113 Vine St., Suite 201
Houston, TX 77002