IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **PARTICLE DRILLING** | § | CASE NO.   09-33744 H1-11 |
| **TECHNOLOGIES, INC**., *et al.* | § | |
| A NEVADA CORPORATION | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **DEBTORS** | § | Chapter 11 |

**MOTION IN SUPPORT OF DEBTORS (I) OBJECTION TO CLAIMS OF PSI DISTRIBUTION, INCORPORATED (CLAIM # 56) AND PRODRIL SERVICES INTERNATIONAL (CLAIM # 57) OR IN THE ALTERNATIVE (II) MOTION TO ESTIMATE CLAIMS OF PSI DISTRIBUTION, INCORPORATED AND PRODRIL SERVICES INTERNATIONAL LIMTED FOR PURPOSES OF ALLOWANCE, DISTRIBUTION AND VOTING PURSUANT TO 11 U.S.C. SECTION 502(C)**

Edward F. Heil ("Heil"), through counsel, hereby files this Motion (the "Motion") in Support of Debtors (I) Objection to Claims of PSI Distribution, Incorporated (Claim # 56) and Prodril Services International (Claim # 57) or in the Alternative (II) Motion to Estimate Claims of PSI Distribution, Incorporated and Prodril Services International Limited for Purposes of Allowance, Distribution and Voting Pursuant to 11 U.S.C. Section 502(c) (the "Objection") and respectfully states as follows:

### BACKGROUND

1. On July 20, 2009, PSI Distribution Incorporated and ProDril Services International Limited (the "Creditors") filed proofs of claim (the "Claims") against Particle Drilling Technologies, Inc.  (claim nos. 56 and 57 respectively).

2. The Claims were filed minutes before the Court's established bar date to file proofs of claim elapsed.  *See* Docket No. 24.

1790903.1

3.	The Claims filed by the Creditors consisted of a (1) blank Official Form 10, (2) a copy of a document entitled Royalty Agreement, and (3) a document entitled Assignment and Assumption Agreement.

4.	On July 24, 2009, the Debtors filed their Objection to the Creditors' Claims based on several grounds. One basis for the Objection was that the Claims were not properly filed pursuant to Federal Rules of Bankruptcy Procedure 3001 and 3003.

5.	On July 28, 2009, the Creditors filed their Amended Proofs of Claims without seeking authorization from the Court.

## ARGUMENT

6.	While Heil supports the Debtors Objection in full, he limits the focus of this Motion to the argument that the Creditors' Claims should be disallowed for their failure to comply with Bankruptcy Rules 3001 and 3003.

7.	Federal Rules of Bankruptcy Procedure 3001(a) and (b) sets out what a proof of claim must contain to be considered appropriately filed.

8.	A proof of claim must be a writing which sets forth the creditor's claim. In addition, as a general rule the proof of claim must be "executed by the creditor or the creditor's authorized agent. Finally, a proof of claim must "conform substantially to the appropriate Official Form." (Official Form 10). As one court has summarized, in order for a proof of claim to "conform substantially" with Official Form 10 the proof of claim must contain the

> name and case number of the debtor, name, address and telephone number of the creditor, the basis of the claim … the date the claim was incurred, its dollar amount, and its classification ….. The form requires a claimant to sign it, attach documents supporting the claim, and deduct all payments on the claim (as well as claims against the debtor) in arriving at the amount of the claim. The form also seeks information on matters such as the claimant's knowledge of whether another party has filed a proof for the same claim.

*In re Northeast Office and Commercial Properties, Inc.*, 178 B.R. 915, 920 (Bankr. D. Mass. 1995). *See also In re North Bay General Hosp., Inc.*, 404 B.R. 443, 465 (Bankr. S.D. Tex. 2009) (disallowing a claim for failing to "conform substantially" to Form 10 where the proof of claim did not provide the creditor's name, the total amount claimed or how the debt was incurred); *In re U.S. Office Products Co. Securities Litigation*, 313 B.R. 73 (D.D.C. 2004) (proof of claim does not substantially conform where the proof of claim fails to list the creditor who is filing the proof of claim).

9. With the possible exception of the attachment of supporting documents, the Creditors failed to provide any of this information in their proof of claim.

10. Courts have held that the failure of any one of the enumerated requirements is sufficient to expunge a proof of claim. For example, courts have held that if a proof of claim does not contain the required authorized signature then the proof of claim is not valid. *In re Musicland Holding Corp.*, 362 B.R. 644, 652 ("the proof of claim, improperly filed or improperly signed, is not *prima facie* evidence of the debt, and … may not even be a 'filed' claim within the meaning of [section 502(a) of the Bankruptcy Code]."); *In re Fabric Buys*, 28 B.R. 513, 514 (Bankr. S.D.N.Y. 1983) (expunging claim where proof of claim was simply a "bare statement of the amount owed, unsigned and with not claim of authorization").

11. Given that the Creditors' Claims not only failed to provide the required authorized signature but fail to comply with almost every element of a valid proof of claim, the Creditors' submission of blank proof of claims forms with additional documentation is insufficient for the Court to hold that the Claims were valid.

1790903.1

WHEREFORE, Heil respectfully requests that the Court grant the Debtors' Objection and disallow the Creditors' Claims and grant such other and further relief as it deems just and proper.

                                        Edward F. Heil

                                  *By:*    /s/    *Ronald R. Peterson*
                                                        His attorney

Ronald R. Peterson (Illinois Bar No. 2188473) (*pro hac vice*)
JENNER & BLOCK, LLP
330 N. Wabash
Chicago, Illinois  60611
PH:    312/222-9350
FAX:   312/527-0484

Dated: August 25, 2009

## CERTIFICATE OF SERVICE

I, Ronald R. Peterson, an attorney, hereby certify that on August 25, 2009, a copy of the **Motion in Support of Debtors (I) Objection to Claims of PSI Distribution, Incorporated (Claim # 56) and Prodril Services International (Claim # 57) or in the Alternative (II) Motion to Estimate Claims of PSI Distribution, Incorporated and Prodril Services International Limited for Purposes of Allowance, Distribution and Voting Pursuant to 11 U.S.C. Section 502(c)** and the related **Notice of Motion** were served upon the parties on the attached **Service List**, by the Court's CM/ECF system in accordance with the local rules of the United States Bankruptcy Court for the Southern District of Texas.

                                                 */s/Ronald R. Peterson*
                                                 Ronald R. Peterson